UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA EGAN,

        Plaintiff,                                                                        Case No. 1:11-cv-1115

v.                                                                           HON. JANET T. NEFF

BED BATH AND BEYOND, INC.,

        Defendant.
_____/

**OPINION**

Pending before the Court in this removed premises liability action is Defendant's Motion for Summary Judgment pursuant to FED. R. CIV. P. 56 (Dkt 51). Plaintiff filed a response (Dkt 55), and Defendant filed a reply (Dkt 53). Having conducted a Pre-Motion Conference on this matter and having now fully considered the written briefs and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the following reasons, the Court concludes that Defendant's motion is properly granted.

**I. BACKGROUND**

Defendant operates retail stores across the country, including a store at 3050 Beeline Road, Holland, Michigan (SMF[1] ¶ 1). In the afternoon hours on Wednesday, January 26, 2011, Plaintiff was a customer at the Beeline Road store, a store she had previously frequented (*id.* ¶¶ 2, 4). Plaintiff was pushing a shopping cart and looking for flatware (*id.* ¶¶ 5-6). Near the back corner of

---

[1]Defendant's Statement of Material Facts (Dkt 52-1), Plaintiff's Response to Defendant's Statement of Material Facts (Dkt 55-1).

the store, Plaintiff placed a 14-inch hors d'oeuvres platter in the top basket of her shopping cart (*id.* ¶¶ 7-8). She then turned the shopping cart into the flatware aisle to look for flatware of a certain pattern (*id.* ¶ 9).

Plaintiff stopped her cart approximately 18 inches across from the flatware display (SMF ¶ 10). She contends that there was insufficient space to walk between the cart and the shelving where the flatware was displayed (*id.*). Plaintiff kept her left hand on the shopping cart as she went to reach with her right hand for the flatware at eye level, or above (*id.* ¶ 11). According to Plaintiff, she "took her right foot and stepped around her cart to get closer to the flatware" (*id.* ¶ 12). Plaintiff admits she "doesn't look down at the floor every time she goes to pick something up on a shelf" (*id.* ¶ 40). As she was stepping toward the flatware shelf, she stumbled, "going to her knees" (*id.* ¶ 13). Plaintiff stopped herself from falling by grabbing a vertical shelf support with her right hand (*id.* ¶ 14). Plaintiff's left hand was still on the shopping cart (*id.* ¶ 15). Plaintiff dislocated her artificial left shoulder (*id.* ¶ 16).

After retrieving a blanket she was also planning to purchase, Plaintiff pushed her cart to the front checkout station of the store, where she advised Operation Manager Mike Oehm of the incident (SMF ¶¶ 17-18). Oehm notified the store manager, Robert Billman, who came and spoke to Plaintiff (*id.* ¶ 19). While Oehm obtained information from Plaintiff to fill out an incident report, Billman immediately went back to the flatware area (*id.* ¶¶ 20-21). Billman found a product box—a boxed set of four porcelain latte mugs—on the floor in the location described by Plaintiff (*id.* ¶¶ 20, 29). Billman took a picture of the accident location (*id.* ¶¶ 23-24). The product box was on the floor in front of a shelf space with similar products (*id.* ¶ 25). Defendant would consider it unsafe to have this product box on the floor in that location (*id.* ¶ 27).

The product box is 9 5/8" wide by 7 1/4" deep by 10 1/4" tall (SMF ¶ 30). Plaintiff believes the product box was laying on its side on the floor, with the 9 5/8" x 10 1/4" sides on the floor, and that her shopping cart with the hor d'oeuvre platter in it obscured her view of what was in front of the cart (*id.* ¶¶ 37-38). The product and box together weigh 5 pounds (*id.* ¶ 31). The product box involved in this incident would not have fit on the shelf without extending over the leading edge of the shelf (*id.* ¶ 27). The store's policy was to not stock product on shelves extending over the leading edge of the shelf (*id.* ¶ 32). Plaintiff contends that 1/3 of the box would overhang the leading edge of the shelf (*id.*). The product box could have been displayed on more than one shelf or in more than one location in the store (*id.* ¶ 33). The product box involved in this incident could have been placed on the floor by an employee or a customer (*id.* ¶ 34).

On October 4, 2011, Plaintiff filed this suit against Defendant in state court, alleging Premises Liability (Count I) and Storekeepers' Liability (Count II). She claims to have suffered "serious shoulder injury and damages including, but not limited to, the following: dislocation of shoulder prosthesis requiring revision surgery to relocate the humeral head; aggravation of a pre-existing condition; loss of mobility and disability; pain and suffering; anxiety and distress; loss of income; medical bills and expenses; loss of the joys, pleasures and vitalities of life, and that such are of a continuing nature" (Compl. ¶ 10).

On October 21, 2011, Defendant removed the case here, invoking this Court's diversity jurisdiction. 28 U.S.C. § 1332. On February 24, 2012, after the completion of discovery and unsuccessful attempts to settle the case, Defendant filed a request for a Pre-Motion Conference, proposing to move for summary judgment (Dkt 37). This Court held a pre-motion conference on

June 15, 2012 and subsequently issued a briefing schedule (Dkt 46). The parties filed their motion papers in August 2012 (Dkts 51-56).

## II. ANALYSIS

### A. Motion Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of an issue to be litigated at trial. *Slusher v. Carson,* 540 F.3d 449, 453 (6th Cir. 2008). The Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Slusher,* 540 F.3d at 453; *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). (citing FED. R. CIV. P. 56(e)). The ultimate inquiry is "whether the state of the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Slusher,* 540 F.3d at 453.

Because this is a diversity action removed to a Michigan district court, the substantive law of Michigan applies. *Wonderland Shopping Ctr. Venture Ltd. P'ship v. CDC Mortg. Capital Inc.*, 274 F.3d 1085, 1092 (6th Cir. 2001). This Court must follow and apply Michigan law in accordance with the controlling decisions of the Supreme Court of Michigan. *Id.*

### B. Discussion

To establish a prima facie case of negligence under Michigan law, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation,

4

and (4) damages. *Mayo v. Taco Enters.*, No. 10-13679, 2011 WL 2607083, at *1 (E.D. Mich. July 1, 2011) (citing *Case v. Consumers Power Co.*, 615 N.W.2d 17 (Mich. 2000)). The threshold issue of the duty of care in negligence actions must be decided by the trial court as a matter of law. *Riddle v. McLouth Steel Prods. Corp.*, 485 N.W.2d 676, 681 (Mich. 1992). In other words, the court determines the circumstances that must exist in order for a defendant's duty to arise. *Id.*

1.   *Premises Liability*

Plaintiff first alleges, in Count I, that Defendant breached its duty as a premises possessor. "The duty that a possessor of land owes to another person who is on the land depends on the latter person's status." *Id.* (quoting *Hampton v. Waste Mgmt. of Michigan, Inc.*, 601 N.W.2d 172, 175 (Mich. Ct. App. 1999)). Historically, Michigan has recognized three common-law categories for persons who enter upon the land or premises of another: (1) trespasser, (2) licensee, or (3) invitee. *James v. Alberts*, 626 N.W.2d 158, 163 (Mich. 2001). The parties do not dispute that Plaintiff was an invitee because she was on Defendant's premises, which were held open for a business purpose. *See Kessler v Visteon Corp.*, 448 F.3d 326, 331 (6th Cir. 2006) ("Invitees are those who enter a premises on the invitation of the owner to conduct some business there").

A premises possessor owes a duty to exercise reasonable care to protect an invitee from unreasonable risk of harm caused by a dangerous condition on the land. *Lugo v. Ameritech Corp.*, 629 N.W.2d 384, 386 (Mich. Ct. App. 2001). However, this duty does not generally encompass removal of open and obvious dangers. *Id.* "[W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Riddle,* 485 N.W.2d at 681.

The test to determine if a danger is open and obvious is whether "an average user with ordinary intelligence would have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp. (On Remand)*, 499 NW2d 379, 381 (Mich. Ct. App. 1993). Because the test is objective, the Court looks not to whether a particular plaintiff should have known that the condition was hazardous, but to whether a reasonable person in her position would have foreseen the danger. *Kennedy v. Great Atl. & Pac. Tea Co.*, 737 N.W.2d 179, 182 (Mich. Ct. App. 2007) (citing *Joyce v. Rubin*, 642 N.W.2d 360, 364 (Mich. Ct. App. 2002)).

"[I]f special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo,* 629 N.W.2d at 386. However, "only those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Id.* at 388. "[T]ypical open and obvious dangers (such as ordinary potholes in a parking lot) do not give rise to these special aspects." *Id.*

Defendant argues that the box on the floor in the aisle was open and obvious under Michigan law and readily observable upon casual observation had Plaintiff looked where she was stepping (Dkt 52 at 8-9). Further, Defendant opines that "[a] shopping aisle trip and fall is not the type of risk that create[s] either a high likelihood of harm or a high risk of severe harm" (*id.* at 12).

In response, Plaintiff argues that a question of fact exists whether the box on Defendant's floor was readily observable upon casual inspection (Dkt 55 at 9-11). Plaintiff also argues that even if the box was open and obvious, Defendant still owed a duty to the Plaintiff because Defendant "was aware of the foreseeability of harm" (*id.* at 13).

Here, taking the evidence in a light most favorable to Plaintiff, Plaintiff's view while pushing the cart and turning the corner may have been partially obstructed by the cart. However, the photographs of the box in the incident location clearly show that once Plaintiff stopped across from the flatware display, the box would have been plainly visible upon casual observation. Under the circumstances, "an average user with ordinary intelligence [would] have been able to discover," the box and the risk it presented. *See Novotney, supra.* Although the Michigan Supreme Court has opined that "a reasonably prudent person will look where [s]he is going," *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185, 190 (Mich. 1995), Plaintiff admitted that she "just doesn't look down at the floor every time she goes to pick something up on a shelf" (SMF ¶ 40).

Plaintiff has not presented sufficient evidence to create an issue of fact as to whether the condition was open and obvious. *See, e.g., Lugo*, 629 N.W.2d at 389 (affirming summary disposition for the defendant where the evidence reflected that the plaintiff tripped and fell on a common pothole because she failed to notice it); *Paolini v. K-Mart Corp.*, No. 262461, 2005 WL 2401914, at *2 (Mich. Ct. App. Sept. 29, 2005) (affirming summary disposition for the defendant where it was "reasonable to conclude that plaintiff would have avoided slipping on the boxes had she been paying attention to the area in which she was walking"). Plaintiff has also failed to demonstrate the existence of any special aspects that made the condition unreasonably dangerous in spite of its open and obvious nature. Because the state of the evidence is such that a reasonable jury could not return a verdict for Plaintiff on her premises liability claim, the Court grants Defendant summary judgment on Count I.

2.  *Storekeeper's Liability*

Consistent with the manner in which she framed her complaint, Plaintiff also argues in response to Defendant's motion that Defendant, as a storekeeper, owed a separate and independent duty to keep aisles reasonably safe for shoppers (Dkt 55 at 15-16), the duty she claims in Count II that Defendant breached.

Michigan courts have found that "[i]t is the duty of a storekeeper to provide reasonably safe aisles for customers and he is liable for injury resulting from an unsafe condition either [1] caused by the active negligence of himself and his employees or, [2] if otherwise caused, where known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it." *Berryman v. K Mart Corp.*, 483 N.W.2d 642, 645 (Mich. Ct. App. 1992) (quoting *Serinto v. Borman Food Stores*, 158 N.W.2d 485, 486 (Mich. 1968)). For example, in *Berryman,* the Michigan Court of Appeals held that the trial court erred in directing a verdict in the defendant's favor where the plaintiff established that the defendant breached its duty to her by "creating a condition that was dangerous." 483 N.W.2d at 646. Specifically, the appellate panel found that a logical inference could be drawn from the testimony presented that the defendant's employees had mopped the floor on which the plaintiff had fallen and that they had failed to post adequate warning signs. *Id.*

Here, in contrast, as Defendant points out in its reply to Plaintiff's response (Dkt 53 at 6), the unsafe condition that allegedly caused Plaintiff's injuries was a condition of the premises. Plaintiff has not presented evidence of the active conduct of someone else, and Plaintiff has not presented evidence that Defendant had either actual or constructive notice of the condition.[2]

---

[2] Plaintiff does not specifically argue that her claim is saved by the doctrine of res ipsa loquitur, but it is clear that even with the benefit of the doctrine, her claim would similarly fail because she has not presented any evidence of wrongdoing. *See Cloverleaf Car Co. v. Phillips*

8

In *Walker v. Family Dollar Stores of Michigan, Inc.*, No. 250415, 2005 WL 94783, at *2 (Mich. Ct. App. Jan. 18, 2005), where the plaintiff similarly alleged that a defective condition, i.e., the presence of a box and a piece of cardboard on the floor, proximately caused his fall, the Michigan Court of Appeals affirmed the trial court's grant of summary disposition to the defendant because there was no evidence to establish that the defendant had actual or constructive knowledge that the box was on the floor at the time of plaintiff's accident. *See also Serinto*, 158 N.W.2d at 488 (finding that the plaintiff's evidence constituted only "valueless negation," which was insufficient to justify submitting to the jury the question of the defendant's notice of the existence of the broken mayonnaise jar on the floor of the defendant's store). The same result is warranted here, where Plaintiff has supplied only speculation to support the allegations in her Storekeeper's Liability claim. Because the state of the evidence is such that a reasonable jury could not return a verdict for Plaintiff on her Storekeeper's Liability claim, the Court grants Defendant summary judgment on Count II.

### III. CONCLUSION

For the foregoing reasons, the Court determines that Defendant's Motion for Summary Judgment (Dkt 51) is properly granted. An Order will be entered consistent with this Opinion. Because this Order resolves the last pending claim in this case, a Judgment will also be entered.

DATED: October 19, 2012
      /s/ Janet T. Neff
      JANET T. NEFF
      United States District Judge

---

*Petroleum Co.*, 540 N.W.2d 297, 302 (Mich. Ct. App. 1995) (explaining that to avail themselves of the doctrine of res ipsa loquitur, plaintiffs must show that "(1) the event would ordinarily not occur in the absence of negligence, (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant, and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff").